UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PAUL A. KINCHLOE,

    Petitioner,                                    Civil No. 2:21-CV-10400
                                                      HONORABLE LINDA V. PARKER

v.

KENNETH MCKEE,

    Respondent,
_____/

## OPINION AND ORDER TRANSFERRING THE CASE TO THE COURT OF APPEALS PURSUANT TO 28 U.S.C. § 2244(b)(3)(A)

Paul A. Kinchloe, ("Petitioner"), confined at the Saginaw Correctional Facility in Freeland, Michigan, filed a *pro se* petition for a writ of habeas corpus. Petitioner challenges his 1994 conviction out of the Detroit Recorder's Court for two counts of first-degree premeditated murder, Mich. Comp. Laws § 750.316(1)(a), two counts of mutilation of a dead body, Mich. Comp. Laws § 750.160, and two counts of possession of a firearm in the commission of a felony (felony-firearm), Mich. Comp. Laws § 750.227b.

This Court concludes that the present petition constitutes a "second or successive petition" within the meaning of 28 U.S.C. § 2244(b)(3)(A) and orders the Clerk of the Court to transfer the case to the Court of Appeals so that Petitioner may seek permission to proceed.

## I. BACKGROUND

Petitioner was convicted of the above charges by a jury in the Detroit Recorder's Court. Following the exhaustion of his state court remedies, petitioner filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, which was denied in part because five of the claims and a portion of his sixth were procedurally defaulted and in part because the remainder of the sixth claim lacked merit. *Kinchloe v. Crowley*, No. 2:97-209 (W.D. Mich. Mar. 31, 1999) (Adopting Report and Recommendation of Magistrate Judge); *app. dism.* No. 99-1689 (6th Cir. Dec. 22, 1999); *cert. den. sub nom Kinchloe v. Michigan,* 529 U.S. 1133 (2000).

Petitioner has since been denied permission twice by the United States Court of Appeals for the Sixth Circuit to file a successive petition to challenge his 1994 conviction. *In Re Kinchloe,* No. 03-2438 (6th Cir. June 17, 2004); *In Re Kinchloe,* No. 20-1672 (6th Cir. Dec. 14, 2020).

Petitioner in his current habeas petition argues that the Detroit Recorder's Court never acquired jurisdiction over his case because the 36th District Court in Detroit, Michigan did not have subject matter jurisdiction to make specific findings of fact regarding the charges of first-degree murder, invalidating the bindover to the Detroit Recorder's Court.

## II. DISCUSSION

An individual seeking to file a second or successive habeas petition must first ask the appropriate court of appeals for an order authorizing the district court to consider the petition. See 28 U.S.C. § 2244(b)(3)(A); *Stewart v. Martinez-Villareal*, 523 U.S. 637, 641 (1998). Congress has vested in the court of appeals a screening function that the district court would have performed otherwise. *Felker v. Turpin*, 518 U.S. 651, 664 (1996). Under the provisions of the Antiterrorism and Effective Death Penalty Act ("AEDPA"), a federal district court does not have jurisdiction to entertain a successive post-conviction motion or petition for writ of habeas corpus in the absence of an order from the court of appeals authorizing the filing of such a successive motion or petition. *See Ferrazza v. Tessmer*, 36 F. Supp. 2d 965, 971 (E.D. Mich. 1999). When a habeas petitioner files a second or successive petition for habeas corpus relief in the district court without preauthorization from the court of appeals, the district court must transfer the document to the court of appeals. *See* 28 U.S.C. § 1631 (directing that "[w]henever a civil action is filed in a court . . . and that court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action . . . to any other such court in which the action . . . could have been brought at the time it was filed"); *In re Sims*, 111 F.3d 45, 47 (6th Cir.1997) (holding that "when a prisoner has sought § 2244(b)(3) permission from the district court, or when a second or successive petition for habeas corpus relief or

3

§ 2255 motion is filed in the district court without § 2244(b)(3) authorization from this court, the district court shall transfer the document to this court pursuant to 28 U.S.C. § 1631").

The Court notes that Petitioner did not specify what habeas statute he brings his challenge under.  The Sixth Circuit has noted, however, that "numerous federal decisions . . . support the view that *all* petitions filed on behalf of persons in custody pursuant to State court judgments are filed under section 2254" and are subject to the various restrictions imposed by the AEDPA for obtaining habeas relief from a state conviction. *See Rittenberry v. Morgan,* 468 F.3d 331, 337 (6th Cir. 2006) (emphasis original).  The provisions of 28 U.S.C. § 2244(b) which govern the filing of successive petitions by state prisoners under § 2254 thus apply equally to habeas petitions filed under 28 U.S.C. § 2241 by a person who is in custody pursuant to a state court judgment.  *Id.* at 336-37; *see also Long v. Commonwealth of Kentucky,* 80 F. App'x. 410, 414 (6th Cir. 2003); *Byrd v. Bagley,* 37 F. App'x. 94, 95 (6th Cir. 2002).  Petitioner must therefore seek authorization from the Sixth Circuit under § 2244(b) before filing this petition, regardless of whether his petition was filed pursuant to 28 U.S.C. § 2241 or § 2254.  *Rittenberry*, 468 F. 3d at 338.

In addition, Petitioner's claim that the state court lacked jurisdiction is subject to the limitations on the filing of successive habeas petitions contained within 28

4

U.S.C. § 2244(b)(3)(A). *See Clark v. Milyard,* 341 F. App'x. 353, 354 (10th Cir. 2009).

Petitioner previously filed a habeas petition with the federal courts challenging his 1994 convictions, and the petition was denied on the merits. Although several of the claims were denied for unexcused procedural default, this was nonetheless a ruling on the merits for the purposes of § 2244(b)(2). *See In Re Cook*, 215 F. 3d 606, 608 (6th Cir. 2000). Petitioner cannot proceed with the issues raised in the present petition without first obtaining permission to file a second or successive habeas petition from the court of appeals.

Accordingly, the Clerk of Court is ordered to transfer the habeas petition to the United States Court of Appeals for the Sixth Circuit pursuant to *Sims* and 28 U.S.C. § 1631. *See Galka v. Caruso,* 599 F. Supp. 2d 854, 857 (E.D. Mich. 2009).

### III. ORDER

Accordingly, it is **ORDERED** that the Clerk shall transfer the petition to the United States Court of Appeals for the Sixth Circuit.

**IT IS SO ORDERED**.

s/ Linda V. Parker  
LINDA V. PARKER  
U.S. DISTRICT JUDGE

Dated: March 15, 2021

I hereby certify that a copy of the foregoing document was mailed to counsel of record and/or pro se parties on this date, March 15, 2021, by electronic and/or

U.S. First Class mail.

                                                        <u>s/ R. Loury</u>
                                                        Case Manager